UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. 97-1442-DRD |
| v. | |
| TROPICAL FRUIT, S.E.;<br>AVSHALOM LUBIN;<br>CESAR OTERO ACEVEDO; and<br>PEDRO TOLEDO GONZALEZ, | |
| Defendants. | |

**UNITED STATES' MOTION FOR ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT OF AND ORDERED TO IMMEDIATELY COMPLY WITH THE CONSENT DECREE**

Plaintiff, United States of America, on behalf of the U.S. Environmental Protection Agency ("U.S. EPA"), respectfully moves ("Motion") this Honorable Court for An Order to Show Cause why Defendants should not be held in civil contempt of and ordered to immediately comply with the Consent Decree this Court entered on October 25, 2001 ("the Consent Decree") (Docket Entry # 94).   The grounds for the United States' Motion are as follows.

Tropical Fruit, S.E. ("Tropical Fruit"), a special partnership organized under the laws of the Commonwealth of Puerto Rico, owns and operates a farm of approximately 2,300 acres in size in Guayanilla, Puerto Rico, at which it grows mangos, bananas and plantains ("the Farm" or "Tropical Fruit").  Since beginning operations in 1991, Tropical Fruit has applied numerous pesticides to its crops.   On numerous occasions before May, 2001, the Farm sprayed pesticides on its crops which drifted beyond the borders of the Farm and into the Guayanilla Community, potentially causing harm to the Community.

In March 1997, the United States filed this case on behalf of the EPA and alleged, inter alia, that Tropical Fruit violated the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 et seq., and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq., by applying pesticides to agricultural crops, including mangos and bananas, in such a manner that the pesticides drifted or otherwise migrated beyond the boundaries of the Farm in contravention of the pesticide label requirements and an EPA Order issued on December 20, 1996. The purpose of this lawsuit was to protect nearby residents and farm workers from the potential harmful effects of pesticides.

On October 25, 2001, this Court entered a Consent Decree between the parties which contains a number of important injunctive relief provisions designed to protect the Guayanilla community from pesticide drift, the most important of which required (i) planting a vegetative barrier comprised of neem trees at the border of the Farm to help stop the spread of pesticides beyond the borders of the Farm; and (ii) the creation of Buffer Zones to also limit the spread of pesticides. In the two separate areas of the Farm devoted to mango production and adjacent to the Guayanilla Community, the Decree requires a 173 foot No-Spray Buffer Zone measured from the border of the Farm inward. During a three-year phase-in period, the Decree allows limited hand-spraying in these areas; after this three year phase-in period, no pesticides can be sprayed in these areas. Within this 173 foot No-Spray Zone, the Farm has agreed (and the Decree requires) during the phase-in period to either remove or relocate (at the Farm's option) from the No-Spray Zone all mango trees and replace them with plantains. The Farm agreed to a similar Buffer Zone in the areas of the Farm devoted to banana production.

Defendants have completely failed to comply with key parts of the Consent Decree despite the passage of three years since the entry of the Decree. Defendants have failed to remove most of the mango and banana trees in the Buffer Zone areas and replace them with plantain trees. Defendants have failed to plant all the required neem trees and failed to properly care for many of the neem trees that they did plant so that many of the neem trees do not serve as an adequate barrier. In addition, Defendants violated seven other provisions of the Consent Decree as follows:

- Defendants failed to prepare an adequate work plan setting forth the manner in which the Farm will implement the Buffer Zone and vegetative barrier provisions of the Consent Decree.

- Defendants sprayed prohibited pesticides.

- Defendants conducted hand-spraying without the presence of the monitor.

- Defendants failed to provide adequate notification of pesticide applications.

- Defendants violated at least four separate worker protection regulations.

- Defendants failed to place deed restrictions on two properties that ensure that the properties will only be used for agricultural activities that do not require the application of pesticides or fertilizers.

As a result of Defendants' failure to comply with these provisions of the Consent Decree, the United States requests that this Court order that Defendants be held in contempt of and to immediately comply with the Consent Decree. Through this Motion, the United States seeks the following relief from this Honorable Court:

- Defendants should be ordered to plant the required neem trees, properly cultivate all neem trees, remove all mango and banana trees from the No-Spray Zones and to order an additional Hand-Spray Only Zone as an additional measure to protect the Guayanilla Community until the neem trees grow to an adequate height to serve as a barrier.

- Defendants should be ordered to immediately stop hand-spraying pesticides in No-Spray

Zones.

- Defendants should be ordered to comply with worker protection requirements.

- Defendants should be ordered to file the required deed restrictions.

- Defendants should be required to properly notify EPA of pesticide applications.

- The United States is also requesting that this Court order Defendants to pay stipulated penalties for the violations of the Decree.

In support of this Motion, the United States relies upon the Declarations of Jaime Lopez, Luzette Lugo, Roberto Rivera and Naomi Shapiro, the exhibits attached thereto and the supporting Memorandum of law, submitted herewith. For the reasons set forth in the accompanying Memorandum, the United States' Motion should be granted. A proposed Order to Show Cause will be transmitted to the Court via e-mail per CM/ECF Preferences of the Court.

WHEREFORE, the United States respectfully requests that this Honorable Court grant the United States' Motion.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

 s/ Henry S. Friedman
HENRY S. FRIEDMAN, Senior Attorney
USDC - PR # G00105
JEROME MACLAUGHLIN, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 7611
Washington, D.C. 20044
(202) 514-5268

        H. S. GARCIA
        United States Attorney
        District of Puerto Rico

        ISABEL MUNOZ
        Assistant United States Attorney
        USDC No. 128302
        District of Puerto Rico
        Federal Building, Room 452
        Chardon Avenue
        Hato Rey, Puerto Rico  00918
        (787) 766-5656

OF COUNSEL:

ERIC SCHAAF, Deputy Regional Counsel
NAOMI SHAPIRO, Assistant Regional Counsel
LOURDES RODRIGUEZ, Assistant Regional Counsel
U.S. Environmental Protection Agency Region II
290 Broadway, 16th Floor
New York, New York  10007
(212) 637-3221