UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>TROPICAL FRUIT, S.E.;<br>AVSHALOM LUBIN;<br>CESAR OTERO ACEVEDO; and<br>PEDRO TOLEDO GONZALEZ,<br><br>            Defendants. | Civil Action No. 97-1442-DRD |

**UNITED STATES' MOTION FOR ORDER HOLDING ITS "MOTION FOR ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BEHELD IN CONTEMPT OF AND ORDERED TO IMMEDIATELY COMPLY WITH THE CONSENT DECREE" AS A MOTION FOR INJUNCTIVE RELIEF OR IN THE ALTERNATIVE FOR AN ENLARGEMENT OF 15 PAGE LIMIT FOR MEMORANDA OF LAW ACCOMPANYING NON-DISPOSITIVE MOTIONS**

Plaintiff, United States of America, on behalf of the U.S. Environmental Protection Agency ("U.S. EPA"), respectfully moves this Honorable Court for An Order holding its "Motion for Order Requiring Defendants to Show Cause Why They Should Not Be Held in Contempt of and Ordered To Immediately Comply with the Consent Decree" as a Motion for Injunctive Relief and, therefore, pursuant to Local Rule 7.1(e), subject to a 25 page limit on accompanying memorandum of law and not the 15 page limit. In the alternative, the United States moves for an enlargement of the 15 page limit on memorandum of law accompanying non-dispositive motions.

On December 16, 2004, the United States filed its Motion for Order Requiring Defendants to Show Cause Why They Should Not Be Held in Contempt of and Ordered To Immediately Comply with the Consent Decree along with a 22 page memorandum of law in

support thereof (the 22 pages included the signature block) as well as Declarations in Support. On December 18, 2004, this Honorable Court denied without prejudice the United States' Motion for contempt and to enforce Consent Decree because the United States' Memorandum of Law exceeded the 15 page limit provided by Local Rule 7.1(e). The Court's Order stated that the "movant may resubmit after compliance with Rule 7.1(e)."

While the United States styled its Motion as one for contempt, all the relief the United States sought (except for its request for stipulated penalties) was injunctive. The United States moved for, inter alia, that

1. Defendants should be ordered to plant the required neem trees, properly cultivate all neem trees, remove all mango and banana trees from the No-Spray Zones and to order an additional Hand-Spray Only Zone as an additional measure to protect the Guayanilla Community until the neem trees grow to an adequate height to serve as a barrier.
2. Defendants should be ordered to immediately stop hand-spraying pesticides in No-Spray Zones.
3. Defendants should be ordered to comply with worker protection requirements.
4. Defendants should be ordered to file the required deed restrictions.
5. Defendants should be required to properly notify EPA of pesticide applications.
6. The United States also requested that this Court order Defendants to pay stipulated penalties for the violations of the Decree.

Since almost the entirety of the relief the United States sought was injunctive, the United States respectfully moves that this Court treat the United States' Motion as one for injunctive relief and, therefore, subject to the 25 page limit on memorandum of law and not the 15 page limit. See Local Rule 7.1(e).

In the alternative, the United States moves for a seven page enlargement of the 15 page limit on memorandum of law accompanying non-dispositive motions. It was necessary in the United States' Motion to describe selected portions of the lengthy procedural history of this case,

relevant aspects of the Consent Decree between the parties, the violations of the Decree, the evidence establishing these violations, and the relief the United States seeks as well as the legal support for such relief. Because the United States was unable to fit this discussion and argument in a 15 page memorandum of law, the United States requests an enlargement of seven pages.

WHEREFORE, the United States respectfully requests that this Honorable Court grant the United States' Motion.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

 /s/ Henry S. Friedman
HENRY S. FRIEDMAN, Senior Attorney
USDC - PR # G00105
JEROME MACLAUGHLIN, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 7611
Washington, D.C. 20044
(202) 514-5268

                    H. S. GARCIA
                    United States Attorney
                    District of Puerto Rico

                    ISABEL MUNOZ
                    Assistant United States Attorney
                    USDC No. 128302
                    District of Puerto Rico
                    Federal Building, Room 452
                    Chardon Avenue
                    Hato Rey, Puerto Rico  00918
                    (787) 766-5656

OF COUNSEL:

ERIC SCHAAF, Deputy Regional Counsel
NAOMI SHAPIRO, Assistant Regional Counsel
LOURDES RODRIGUEZ, Assistant Regional Counsel
U.S. Environmental Protection Agency Region II
290 Broadway, 16th Floor
New York, New York  10007
(212) 637-3221

CERTIFICATE OF SERVICE

      I, Henry S. Friedman, hereby certify that copies of the **UNITED STATES' MOTION FOR ORDER HOLDING ITS "MOTION FOR ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BEHELD IN CONTEMPT OF AND ORDERED TO IMMEDIATELY COMPLY WITH THE CONSENT DECREE" AS A MOTION FOR INJUNCTIVE RELIEF OR IN THE ALTERNATIVE FOR AN ENLARGEMENT OF 15 PAGE LIMIT FOR MEMORANDA OF LAW ACCOMPANYING NON-DISPOSITIVE MOTIONS** was served on December 20, 2004, by electronic mail to jsifre@sbslaw.com and by first-class mail postage prepaid, as follows:

        Jaime Sifre, Esq.
        Sanchez, Betances & Sifre
        Bolivia # 33, Suite 500
        Hato Rey, Puerto Rico  00918


        /s/ Henry Friedman
        HENRY S. FRIEDMAN