UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TROPICAL FRUIT, S.E.;<br>AVSHALOM LUBIN;<br>CESAR OTERO ACEVEDO; and<br>PEDRO TOLEDO GONZALEZ,<br><br>        Defendants. | Civil Action No. 97-1442-DRD |

**[proposed] ORDER HOLDING DEFENDANTS IN CONTEMPT AND REQUIRING IMMEDIATE COMPLIANCE WITH THE CONSENT DECREE**

On December 16, 2004, the United States of America on behalf of the United States Environmental Protection Agency ("U.S. EPA") filed a Motion for Order Requiring Defendants to Show Cause Why They Should Not be Held in Contempt and Ordered to Immediately Comply with the Consent Decree entered by this Court on October 24, 2001 (Docket No. 95). This Motion arose out of a trial that this Court commenced on July 9, 2001. Prior to the conclusion of the trial, the parties agreed to settle the matter and submitted the terms of settlement to the Court for approval. On October 25, 2001 the Court entered the Consent Decree as an Order of the Court. (Docket No. 94)

In the Consent Decree, Defendants agreed to operate their farm in compliance with the specific terms contained within the Decree. The Decree required, in part, that Defendants shall:

(1)     Remove certain mango and banana trees along the perimeter of the farm and replant these areas with plantains;

      (2)      Install a vegetative barrier of neem trees to prevent pesticide drift;
      (3)      Receive approval of a Work Plan for requirements within the Decree;
      (4)      Only perform hand spraying while a monitor was present;
      (5)      Only use pesticides that were authorized by the Environmental Protection Agency;
      (6)      Comply with pesticide worker protection standards;
      (7)      Place deed restrictions on certain parcels of land; and
      (8)      Notify the Environmental Protection Agency of upcoming pesticide applications.

On December 16, 2004, the United States filed its Motion for Order Requiring Defendants to Show Cause Why They Should Not be Held in Contempt and Ordered to Immediately Comply with the Consent Decree, which Motion was supported by the Declarations of U.S. EPA Environmental Scientists Jaime Lopez and Lizette Lugo, Puerto Rico Department of Environmental Protection inspector Roberto Rivera and U.S. EPA Attorney Naomi Shapiro, the exhibits attached thereto and the supporting Memorandum of law.  The United States' Motion, along with the evidence submitted along with the Motion, established violations of each of the Consent Decree provisions set forth above.

On February 8, 2005, the Court granted the United States' Motion for Leave to File Excess Pages in the Memorandum in Support of the United States' Motion.  In addition, at that same time, the Court ordered Defendants to Show Cause why the "remedies sought by plaintiff should not be granted."  The Court further ordered that Defendants file their response by February 28, 2005 (Docket No. 98).  Defendants have not filed any response pursuant to the Court's February 28, 2005 Order.  In fact, Defendants have never filed any response to the United States' Motion.

Based on the United States' Motion, the Declarations and documents submitted therewith, the United States' Memorandum in Support of the Motion and the Defendants failure to file a response to this Court's Order to Show Cause entered on February 8, 2005, this Court

finds that Defendants violated the Consent Decree.  Therefore, it is _____ day of _____ ORDERED:

1. **Mango and Banana Tree Removal; Planting Plantain Trees in their place**

In the two separate areas of the Farm devoted to mango production and adjacent to the Guayanilla Community (see Consent Decree Attachment 1, Buffer Segments[1] A and D), the Decree provides that there shall be a 173 foot No-Spray Buffer Zone measured from the border of the Farm inward (Consent Decree, ¶¶ 8, 10, 11, 12A, 12D).  Within this 173 foot No-Spray Zone, the Decree requires, during the three year phase-in period and by no later than October 25, 2004, the Farm to either remove or relocate (at the Farm's option) from the No-Spray Zone all mango trees and replace them with plantain trees (Consent Decree, ¶ ¶ 15, 16).

Defendants are **ORDERED** to commence within five days from the entry of this Order the removal of all mango trees from Buffer Segments A and D and to complete such removal within 60 days from the entry of this Order.   Defendants are further **ORDERED** to plant plantain trees in Buffer Segments A and D in the places in which mango trees were previously located, such planting to be completed within 120 days from the entry of this Order.

In addition, in Buffer Segments E and F devoted to banana production, the Decree requires Defendants to remove or relocate the banana trees and to plant plantain trees. Decree, ¶ 16.  Defendants are **ORDERED** to commence within five days from the entry of this Order the removal of banana trees from Sectors E and F and to complete such removal within 60 days.  Defendants are further **ORDERED** to plant plantain trees in Buffer Segments E and F in the

---

[1]  The Farm divides its acreage into designated areas;  from West to East, the Farm has designated the areas of the Farm as Sectors 2, 1, 3, 5, and 7 and Vega 1, 3, 4 and 5.

places in which banana trees were previously located, such planting to be completed within 120 days of the entry of this Order.

2.   **Installation of a vegetative barrier of neem trees to prevent pesticide drift**

The Consent Decree requires the Farm to plant and maintain a vegetative barrier, consisting of neem trees along nearly the entire northern border of the Farm and where the western border runs close to homes or public roadways (see Attachment 1 to Consent Decree, Buffer Zone Segments A - E; Consent Decree, ¶¶ 6, 7).   In the two segments of the Buffer Zones that are closest to residences (see Attachment 1 to Consent Decree, Buffer Zone Segments A and D), the Decree requires the Farm to plant two rows of neem trees, approximately 15 feet apart and parallel to one another to provide a barrier to pesticide drift (Consent Decree, ¶ 7).   In other areas, the Farm will plant a single row of neem trees (see Attachment 1 to Consent Decree, Buffer Zone Segments B, C and E; Consent Decree, ¶ 6).   The Decree requires that the neem trees be at least 1.5 feet in height when planted, staked for support when planted, drip irrigated, and replaced as necessary to preserve a continuous row, and ultimately maintained at a height of approximately thirty feet.

Defendants are **ORDERED** to commence within five days of the entry of this Order the planting of neem trees in Sectors 1, 2, 3, and in Vega Sector 1 to create the Outer Vegetative Barrier and an Inner Vegetative Barrier in Segments A and D so that there is a continuous row of neem trees approximately 15 feet apart in these areas. Defendants are further **ORDERED** to stake the neem trees for support when planted, install a drip irrigation system and to replace the neem trees as necessary to preserve a continuous row.   Defendants are further **ORDERED** to install a drip irrigation system for all neem trees that Defendants previously planted pursuant to

the Consent Decree. Defendants are **ORDERED** to complete the obligations set forth in this paragraph within 120 days of the entry of this Order.

3. **Comply with pesticide worker protection standards**

Defendants are **ORDERED** to immediately comply with the worker protection requirements of the Decree with respect to every application of pesticides, including to provide decontamination supplies, restrict employee entry into areas sprayed with pesticides, properly post pesticide application records, and properly train all employees in pesticide management practices as required by Paragraph 48 of the Decree.

4. **File deed restrictions**

Defendants are **ORDERED**, within five days, to place deed restrictions on two pieces of property: one adjacent to the Farm (the "cow pasture" and adjacent land) and one within the Farm's boundaries (portions of Vega sectors 1 and 4) as required by Paragraphs 19 and 20 of the Decree. Defendants are further **ORDERED** to provide written confirmation to the United States within five days of filing the deed restrictions that Defendants in fact filed the deed restrictions.

5. **Do not spray prohibited pesticides**

The Decree restricts the application of pesticides at the Farm to those pesticide products listed in Attachment 3 to the Decree unless prior written approval is granted by EPA. Decree, ¶ 25. Defendants are **ORDERED** to only apply products on the approved list unless EPA has granted approval for applying additional pesticides.

6. **Notify the Environmental Protection Agency of upcoming pesticide applications**

Defendants are **ORDERED** to immediately submit written progress reports (Attachment

6 to the Decree) identifying, among other things, "all spraying applications of pesticides or fertilizers which are scheduled during the next month", Decree, ¶ 42, which accurately list the pesticides Defendants intend to spray in the following month.  Defendants are further **ORDERED** to notify EPA of any changes in the spray schedule in advance of applying the pesticides within Sectors 1 through 8 inclusive and Vega 1, 3 and 4 pursuant to the requirements of Paragraph 41 of the Decree.

7.      **Defendants shall pay Stipulated Penalties in the amount of at least $130,000**

The Consent Decree provides that: "Upon written notice of the United States, each of the Settling Defendants shall be jointly and severally liable to pay a stipulated penalty of $10,000 for each violation of this Consent Decree.  Each day of each violation shall be considered a separate violation of this paragraph." Decree, ¶ 59.   In its Motion, the United States established at least 13 separate violations of the Decree (some of which were multi-day violations), including the Farm's failure to (1) remove mango/banana trees; (2) properly plant and maintain the neem tree vegetative barrier; (3) receive approval prior to the use of the pesticide Tilt; (4) receive approval prior to use of the pesticide Gramaxone; (5) ensure that the pesticide monitor was present while applying pesticides by hand on September 3, 2002; (6) receive approval for a Work Plan from EPA; (7) place deed restrictions on parcels of land north of the Rio Yauco and on parcels of land within the planted area of the Farm; (8) notify EPA in advance of applying pesticides; (9) properly notify EPA of the pesticides it applied; (10) post pesticide application records visible to Farm workers; (11) provide complete decontamination supplies to Farm workers on February 26, 2004;  (12)  provide complete decontamination supplies to Farm workers on March 12, 2004; and (13) properly maintain pesticide application warning signs for Farm workers.

The United States is seeking $10,000 for each violation and is not seeking a multi-day penalty at this time for those violations that are ongoing.  Accordingly, Defendants are **ORDERED** to pay a stipulated penalty in the amount of $130,000.

8.  **Notification of Compliance**

Defendants are **ORDERED** to file written reports with the Court, with a copy to the United States, regarding their progress in complying with this Order, such reports to be filed on the 30th, 60th and 90th days after entry of this Order.   Defendants are further **ORDERED** to file a written report with the Court, with a copy to the United States, on the 120th day after entry of this Order verifying completion of the measures required by this Order.

SO ORDERED THIS ____ DAY OF _____ , 200__.

_____
DANIEL R. DOMINGUEZ
United States District Judge