UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TROPICAL FRUIT, S.E.;<br>AVSHALOM LUBIN;<br>CESAR OTERO ACEVEDO; and<br>PEDRO TOLEDO GONZALEZ,<br><br>        Defendants. | Civil Action No. 97-1442-DRD |

**OPPOSITION TO MOTION REQUESTING ADDITIONAL EXTENSION OF
TIME TO RESPOND TO MOTION FOR ORDER TO SHOW CAUSE**

      The United States opposes the Defendants request for additional time to respond to the United States Motion for an Order to Show Cause for Contempt. Defendants problems with responding to the United States motion rest squarely with the Defendants themselves, and the environment and persons adversely affected by the pesticides used by Defendants should not be forced to continually bear Defendants failures to comply with the Court's orders contained in the October 25, 2001 Consent Decree.

      Defendants failure to comply with deadlines set by the Court are continuing. First and foremost, Defendants have failed to comply with the Consent Decree by October 25, 2004, a date already almost six months past. Defendants were on notice that they should have met the October 25, 2004 date as they negotiated and signed the Consent Decree containing this date in

-1-

2001.

To force Defendants to meet the deadlines to which they agreed in the Consent Decree, the United States filed a Motion for an Order to Show Cause regarding Contempt on December 16, 2004 (Docket #95). The United States served this motion by mail, as well as a courtesy email directly to Mr. Sifre. Therefore Defendants have been on notice that they should be preparing to respond to this Motion since December 16, 2004.  On December 18, 2004 (Docket #96) the Court issued an order that the United States had exceeded the page limitation for Motion and dismissed the initial Motion without prejudice.  On December 20, 2004 (Docket #97), the United States filed a Motion to Exceed Page Limitations.  As with the initial Motion, the United States served this Motion on Mr. Sifre by mail.  In its Motion to Exceed Page Limitations, the United States specifically referred to the Courts' December 18, 2004 ruling dismissing its initial Motion, a ruling which only appeared in the CMF/EMF electronic docket.

Thus, by December 20, 2004, Attorney Sifre should have been cognizant of the fact that he, or someone in his office, should periodically check the CMF/EMF electronic docket for further rulings by the Court, particularly since Defendants knew that a Motion was pending, and that the Court was issuing orders served only through the CMF/EMF electronic docket. However it appears that no one in Mr. Sifre's office undertook any periodic review of the Docket regarding the United States' pending Motion, the February 8, 2005 Order to Show Cause (Docket #98).

In their most recent Motion for Extension of Time to the Court, filed on April 12, 2005 (Docket #102), Defendants claim they need more time as only this week have they located the files on this case.  Defendants have had since at least December 2004 to locate these files, which

is more than an adequate amount of time, and therefore no further time should be granted.

In addition, in their Motion, Defendants claim that Mr. Sifre's schedule necessitates an additional delay.  Again, Defendant have been on notice since December 16, 2004 that the United States had filed a Motion for an Order to Show Cause regarding Contempt.  Since Defendants have already had four months to respond to the United States' Motion, no further extensions should be granted.  Again, the environment and citizens of Puerto Rico should not be forced to bear the burden of delay.

The Consent Decree contained a three year schedule for Defendants to meet all of the Decrees terms.  By their failure to comply with the Decree and the repeated delays, Defendants have effectively extended the Decree's deadline by six months and no further extensions should be granted.  Defendants have known about the Decree's deadline since October, 2001, and the United States Motion to Enforce the Decree since December, 2004.  Further extensions should be denied in this case, particularly when Defendants have failed to present any evidence that they have undertaken any efforts to comply with some of the Decrees primary conditions, such as the removal of mango and banana trees within the No Spray Buffer Zones.

April 13, 2005

                                                Respectfully Submitted,

                                                KELLY A. JOHNSON
                                                Acting Assistant Attorney General
                                                Environment and Natural Resources Division

                                                s/ Henry S. Friedman
                                                HENRY S. FRIEDMAN, Senior Attorney
                                                USDC-PR #600105
                                                JEROME MACLAUGHLIN, Trial Attorney

Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 7611
Washington, D.C. 20044
(202) 514-5268

H.S. GARCIA
United States Attorney
District of Puerto Rico

ISABEL MUNOZ
Assistant United States Attorney
USDC No. 128302
District of Puerto Rico
Federal Building, Room 452
Chardon Avenue
Hato Rey, Puerto Rico  00918
(787) 766-5656

OF COUNSEL:

ERIC SCHAAF, Acting Regional Counsel
NAOMI SHAPIRO, Assistant Regional Counsel
LOURDES RODRIGUEZ, Assistant Regional Counsel
U.S. Environmental Protection Agency Region II
290 Broadway, 16th Floor
New York, New York  10007
(212) 637-3221

CERTIFICATE OF SERVICE

    I, Henry S. Friedman, hereby certify that on April 13, 2005 copies of the United States of America's Opposition to Motion for Additional Extension of Time was served by means of the CMF/EMF electronic docket system on the following registered users of that system:

        Jaime Sifre, Esq.
        Sanchez, Betances & Sifre
        Bolivia # 33, Suite 500
        Hato Rey, Puerto Rico  00918


        s/ Henry S. Friedman
        HENRY S. FRIEDMAN