**UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO**
**BEFORE HONORABLE DANIEL R. DOMINGUEZ**

<u>**MINUTES OF PROCEEDINGS**</u>                                                                  DATE: July 14, 2005
**CIVIL NO. 97-1442(DRD)**
LAW CLERK: Jose A. Figueroa

===============================================================================

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | <u>Attorneys:</u> | Isabel Muñoz (AUSA) |
| Plaintiff, | | Henry Friedman (DOJ) |
| | | Jerry Maclaughlin (DOJ) |
| | | Lourdes Rodriguez (EPA) |

v.

| | |
|---|---|
| **TROPICAL FRUIT, S.E., et al.,** | Jaime Sifre |
| Defendants | Marta Vilá |

===============================================================================

    A Status Conference was held today. It began at 7:20 p.m. and ended at 8:20 p.m. The parties advised the Court as to the status of the case. At the outset the Court advised the parties that <u>Accusoft Corp. v. Palo</u>, 237 F.3d 31, 47 (1st Cir. 2001) provides the applicable standard to determine whether a party should be found in contempt of Court. The Court noticed that the criteria to be met is whether the alleged noncomplying party has provided diligent efforts resulting in substantial compliance. Further, the Court advised the parties that although plaintiff has raised alleged conduct incurred by defendant resulting in noncompliance of the consent decree entered amongst the parties on August 2001, the parties should identify which issues may be simplified amongst them and which issues shall be litigated.

    Plaintiff sustains that although several remedies are sought by the Government, its main concern is that defendant has failed to comply with the decree, specifically, as to the removal and/or relocation of the mangoes treed and banana plants along the barrier of the property next to access to private properties (the surrounding communities). Therefore, it is the Government's intent to focus in the noncompliance matter and the remedies sought relating to said claim since it is the public interest the one being affected by defendants failure to comply. Further, the Government sustains that evidently defendants' intention was never to comply with the decree because they were supposed required by decree to remove the trees at some preestablished time intervals and none of said trees have never been removed.

    Defendants sustains that effective October 2004 no pesticide has been sprayed in the non-spray zone as established in the consent decree. Further, plaintiff affirms that there are two big issues to be addressed by the Court. Firstly, the removal of approximately one thousand trees, and secondly, that now there is new technology available which was not available at the time the parties entered into the consent decree. Specifically, the defendants point to the availability of organic pesticides labeled as non-toxic which could be sprayed upon the mangoes and banana trees without drift into the surrounding communities hence it is defendants contention that the removal of the trees may not be necessary if the Government allows the use of said pesticides. Finally, the defendants aver that it is their intention to depose some of the persons who provided plaintiffs with sworn statements in support of their motion moving the Court to find defendants in contempt.

After a thorough review of the parties' arguments, the undersigned deems that at this time and stage of the proceedings there are two (2) main issues to be addressed by the Court, to wit, whether the new pesticides' level of toxicity, as alleged by defendant, may allow that the trees may be sprayed without pesticide drift into the surrounding communities, and whether the mangoes and banana trees must be removed and replanted somewhere else within the farm.

The Court advised defendants, and the defendants are fully aware that a party seeking modification of a consent decree must overcome an extremely heavy burden and an extremely high hurdle. Notwithstanding, the Court deems that *a priori*, it cannot determine that defendants may not be able to reach the threshold in order to modify the consent decree entered hence an evidentiary hearing is warranted to determine if defendants can meet the burden. It is the plaintiff's position that even if the defendants succeed in their contention that there is new technology not available at the time the decree was entered and that this is probative of a "significant and unanticipated change in fact", defendants will not overcome the second hurdle demonstrating that the "change in circumstances warrants revision of the decree". Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383-384 (1992). Specifically, defendants may demonstrate that the changed circumstances makes compliance with the decree substantially more onerous, unworkable, or detrimental to the public interest. Id., at 384; Thompson v. H.U.D., 220 F.3d 241, 247 (4th Cir. 2000).

The Court provided the parties with the following case management schedule:

1) The parties are provided until **August 5, 2005** to finish all depositions and until **August 12, 2005** to attempt to reach an agreement as to all the matters raised by the Government.

2) An **Evidentiary Hearing** is scheduled for the **7th day of September 2005 at 9:00 a.m.**

The Court strongly encourages all parties to provide their best efforts in their attempt to resolve the instant controversy. **Further the parties are forewarned that any motion requesting a continuance or extensions of time shall be SUMMARILY DENIED, and that the scheduled hearing will be vacated only upon advise of the parties that an agreement has been reached to settle the instant matter in its totality.** Finally, the Court advised the parties that the instant matter is of high public importance hence this matter shall be resolved in its totality **on or before September 30, 2005**. **This is a FIRM DATE.**

**IT IS SO ORDERED.**

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE